IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHERI SECREST,

    Plaintiff,

       v.

INVESTMENTS DYNAMICS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-01828-TWT

**OPINION AND ORDER**

This is a Fair Labor Standards Act ("FLSA") action. It is before the Court on Defendants Investments Dynamics, Inc. ("Dynamics"), Jacquelyn White, and Michael Cato's Motion to Dismiss [Doc. 11], Plaintiff Kheri Secrest's Motion to Dismiss [Doc. 14], and Defendant Dynamics's Motion for Leave to Amend Answer and Counterclaims [Doc. 24]. For the reasons set forth below, the Court GRANTS Defendant Dynamics's Motion to Amend Answer and Counterclaims [Doc. 24] and, accordingly, DENIES as moot Plaintiff Secrest's Motion to Dismiss [Doc. 14]. The Court additionally DENIES Defendant Dynamics's Motion to Dismiss [Doc. 11].

## I.   Background[1]

This case arises from a wage dispute between Plaintiff Kheri Secrest

---

[1] The Court accepts the facts as alleged in the Complaint and Counterclaim as true for purposes of the present motions to dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

and her former employer. Secrest worked as a "general office worker" at Blue Flame Lounge, a "bar and nightclub" in Atlanta that "featur[es] nude female dancers." (Compl. ¶¶ 20, 17 [Doc. 1].) She alleges that she worked from approximately November 2019 to February 2025, (*id.* ¶ 20), and did not receive overtime pay in accordance with 29 U.S.C. § 207(a)(1), (*id.* ¶ 40–41). Secrest's Complaint names Defendants Investments Dynamics, Inc. d/b/a Blue Flame Lounge; Blue Flame Lounge, Inc. d/b/a Blue Flame Lounge;[2] Jacquelyn White; and Michael Cato. Defendants Dynamics, White, and Cato allegedly own and operate of Blue Flame Lounge. (*See id.* ¶¶ 17–19.)

Since Secrest filed her Complaint, the Defendants have filed a Motion to Dismiss [Doc. 11] and filed Counterclaims against her. The Counterclaims include one count for theft by taking and one count of breach of fiduciary duty. They allege that Secrest stole $10,917 from Blue Flame's office after her last day of work when she returned her keys and breached her fiduciary duties to Dynamics in the process of doing so. (Countercl. ¶¶ 2–4, 12, 17 [Doc. 9].) Secrest subsequently filed a Motion to Dismiss [Doc. 14] regarding the Counterclaims. Most recently, the Defendants have filed a Motion for Leave to

---

[2] Defendants Dynamics, White, and Cato assert that Defendant Blue Flame Lounge, Inc. is not a proper party to this action and does not own, operate, or otherwise relate to the Blue Flame Lounge at issue in this case. (Ans., at 1 n.1 [Doc. 9].) For the purposes of the present motions, the Court's references to the Defendants collectively do not include Defendant Blue Flame Lounge, Inc.

Amend Answer and Counterclaims [Doc. 24].

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III. Discussion

#### A. Complaint

In general, the Fair Labor Standards Act requires employers to pay overtime compensation to their employees who work more than forty hours per

4

week. *See* 29 U.S.C. 207(a)(1). An FLSA overtime violation has two elements: "(1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 494 F.3d 1306, 1314–15 (11th Cir. 2007)).

Given this standard, the Court denies the Defendants' Motion to Dismiss. Although the Complaint does not contain a lot of details, it does enough to state a claim for relief. Here, the Complaint alleges that Secrest was an employee who "regularly worked at Blue Flame in excess of 60 hours per week" and did so without overtime compensation. (Compl. ¶¶ 37–38, 41.) It also alleges that the Defendants qualified as FLSA employers engaged in interstate commerce and were "on notice of their obligation to comply with the FLSA." (*Id.* ¶¶ 30–31, 39.) The Complaint further states that the Defendants "serial[ly]" violate the FLSA. (*Id.* ¶ 39.) These allegations are sufficient to satisfy the elements of an FLSA overtime violation.

The Defendants argue that Secrest's FLSA overtime claim fails to state a claim because it does not allege the following facts:

> (1) the frequency at which Plaintiff worked more than 40 hours in a given week; (2) whether Plaintiff was compensated through an hourly rate or an annual salary; (3) the hourly rate or annual salary that Plaintiff was paid; (4) any specific week in which Plaintiff worked more than 40 hours and was not paid overtime wages; (5) Plaintiff's job title; (6) a comprehensive description of the duties assigned and actually performed by Plaintiff as part of her employment; and (7) whether Plaintiff was an "exempt" or

> "non-exempt" employee for purposes of calculating overtime wages.

(Defs.' Mot. to Dismiss, at 3–4 [Doc. 11].) But Secrest need not plead these details, as numerous courts have held. *See, e.g.*, *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1374 (S.D. Fla. 2016) (holding the allegations of the plaintiff—which are substantially similar to Secrest's allegations—sufficient, and rejecting the argument that the plaintiff must plead specific weeks or hours of overtime); *Amponsah v. Directv, Inc.*, 2015 WL 11439085, at *8 (N.D. Ga. Apr. 15, 2015) (same); *Raykovitz v. Elec. Builders, Inc.*, 2020 WL 4927479, at *4 (S.D. Ga. Aug. 21, 2020) (holding that it is the defendant's burden to show that the plaintiff is an exempt employee rather than the plaintiff's burden in the first instance to plead his or her non-exempt status (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974))). As the Eleventh Circuit has explained, it is "quite straightforward" to state a claim for unpaid overtime under the FLSA. *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Secrest has done so here.

### B. Counterclaims

The Defendants request leave to amend because they "have uncovered additional facts through investigation and discovery that further substantiate their claims and reveal new bases for liability." (Defs.' Mot. for Leave to Amend ¶ 8.) Their proposed amendment specifically includes a third counterclaim for unjust enrichment in which the Defendants allege Secrest "unilaterally

increased her own salary using internal payroll systems under her control" and "[w]ithout any approval or authorization from an officer, director, or owner of Investments Dynamics." (Proposed Am. Countercl. ¶ 69 [Doc. 24-1]; *see also id.* ¶ 76.) It also asserts that "[n]o documentation exists showing that Plaintiff sought or received approval for the increased compensation," (*id.* ¶ 76), and that "[t]hese unauthorized salary increases were detected through a review of Plaintiff's payroll records after she was terminated," (*id.* ¶ 77).

In response to the Defendants' motion, Secrest primarily argues that (1) the Defendants are requesting leave to amend in bad faith and (2) the amendment would be futile nonetheless. Regarding bad faith, Secrest contends that the Defendants "admitted" in a separate Georgia administrative proceeding that "they have *no evidence* suggesting that Plaintiff surreptitiously increased her own salary other than *the fact of the increase itself.*" (Pl.'s Resp. Br. in Opp'n to Defs.' Motion for Leave to Amend, at 3 [Doc. 31].) She further contends that the Defendants "manufactured a new counterclaim" only because they "discovered that their original retaliatory counterclaims were all subject to dismissal." (*Id.* at 2.) Regarding futility, Secrest contends that all three of the Defendants' state law claims would be subject to dismissal for the same reasons expressed in her Motion to Dismiss the Defendants' Counterclaims. There, she argues that the Court lacks supplemental jurisdiction to hear the Defendants' state law counterclaims

7

because the counterclaims do not arise out of a common nucleus of operative facts from her overtime claim, and she argues that the FLSA precludes these state law counterclaims under *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *abrogated on other grounds by*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988). (*See* Pl.'s Mot. to Dismiss, at 3–8 [Doc. 14].)

In light of Rule 15(a)(2)'s liberal pleading standard, the Court ultimately grants the Defendants' Motion for Leave to Amend. The Court cannot say at this stage that the Defendants' proposed amendment is sought in bad faith or otherwise futile. Accordingly, Secrest's Motion to Dismiss the Defendants' Counterclaims [Doc. 14] is denied as moot. Below, the Court first discusses bad faith, followed by futility.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Defendant Investment Dynamics, Inc.'s Motion to Amend Answer and Counterclaims [Doc. 24] and, accordingly, DENIES as moot Plaintiff Kheri Secrest's Motion to Dismiss Counterclaims [Doc. 14]. The Court additionally DENIES Defendant Dynamics's Motion to Dismiss [Doc. 11].

SO ORDERED, this ___6th___ day of October, 2025.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge
