IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHERI SECREST,

     Plaintiff,

v.

INVESTMENT DYNAMICS, INC. *et al.*,

     Defendants.

CIVIL ACTION NO.
1:25-CV-01828-TWT

## <u>SCHEDULING ORDER</u>

The above-entitled action is presently before the Court pursuant to the filing of the parties' Joint Preliminary Report and Discovery Plan [Doc. 19] and the Plaintiff's Motion for Scheduling Order [Doc. 42]. The Court has reviewed and approved the parties' Joint Preliminary Report and Discovery Plan and GRANTS the Plaintiff's Motion for Scheduling Order [Doc. 42]. In the report, the parties have indicated they do not anticipate the need for additional time beyond the assigned discovery track to complete discovery. A request for a discovery extension may be made if the parties are unable to complete discovery despite diligent effort in the original discovery period and the request is made prior to the expiration of the discovery period. Should there be an extension of time of the discovery deadline, the deadlines for filing any Motions for Summary Judgment and the Proposed Consolidated Pretrial Order shall be adjusted accordingly. Therefore,

IT IS HEREBY ORDERED that the discovery deadline in this case is **July 27, 2026**.  The parties must obtain permission from the Court to file any motions to amend the pleading.  Any Motions for Summary Judgment must be filed by **August 27, 2026**, and if no Motions for Summary Judgment are filed, the Proposed Consolidated Pretrial Order will be due on **August 27, 2026**.  However, if a Motion for Summary Judgment is filed, the Proposed Consolidated Pretrial Order will be due within thirty (30) days of the Court's ruling on the Motion for Summary Judgment. The parties may not evade the page limitations of Local Rule 7.1(D) by filing multiple Motions for Summary Judgment after the close of the discovery period.

IT IS FURTHER ORDERED that the parties are directed to adhere to the above deadlines.  Any motions requesting extensions of time must be made prior to the existing deadline and will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated that such circumstances would arise at the time the Preliminary Planning Report was filed.  Failure to comply with this order, may result in the imposition of sanctions, including the dismissal of this action.

Within fourteen (14) days from the entry of this Order, counsel for the parties are directed to confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer-based media. If so, the parties are directed to determine: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (b) the anticipated scope, cost and time required for disclosure or production

of data beyond what is reasonably available to the parties in the ordinary course of business; (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; and (e) whether there are other problems which the parties anticipate that may arise in connection with electronic or computer-based discovery. Counsel are directed to the American Bar Association Section of Litigation Civil Discovery Standards § 29 (August 1999) (available upon request from the Court) for guidance. Any agreements as to the foregoing shall be set forth in a written agreement or consent order. If there are substantial disagreements, a discovery conference with the Court should be requested.

Counsel are directed to comply with the Federal Bar Association's Standards for Civility in Professional Conduct (1998) (available from the FBA web site or upon request from the Court). In the conduct of depositions, counsel are ordered to comply with Federal Rule of Civil Procedure 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."); and may be sanctioned for obstructionist tactics pursuant to Rule 30(d)(2)("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees

incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").

Parties seeking to file any document as part of the record **under seal** must first present a motion and/or consent order regarding said document to the Court. The Clerk of Court is not authorized to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal. (See Section J of Appendix H to the Local Rules.)

The Clerk is directed to submit this action on **August 28, 2026,** if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

SO ORDERED, this 25th day of March, 2026.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4